Smith *vs.* Picket.

No. 21.—HAMPTON S. SMITH, plaintiff in error, *vs.* JAMES R.
PICKET, defendant.

[1.] The storing of cotton with a warehouse-man, is a contract of bailment,
and the receipt is the mere evidence thereof. Where a warehouse-man
gives a receipt for cotton stored by A, in which he promises to deliver the
cotton to A, or the bearer of the receipt, and is subsequently served with
summons of garnishment by a creditor of A: *Held,* that he is not relieved
from liability, by the delivery of the cotton to the holder of the receipt, to
whom it was transferred after the service of the garnishment.

Garnishment, on appeal, in Muscogee Superior Court. Deci-
ded by Judge ALEXANDER, May Term, 1849.

James R. Picket sued out an attachment against John Hard-
wick, returnable to the Inferior Court of Muscogee County, and
caused a summons of garnishment to be served upon Hampton
S. Smith. *Smith made return, that before the serving of the sum-
mons of garnishment, John Hardwick had stored in the ware-
house of H. S. Smith & Co. (of which firm he, Smith, was a part-
ner,) five bales of cotton, and received from the firm a receipt for
the same, which entitled the holder to receive the cotton; that
this receipt had been transferred to one William J. Ridgell, who
presented the same, subsequent to the service of the summons,
and demanded the cotton, which had been delivered to him.

This return was traversed, and an appeal, by consent of parties,
was entered to the Superior Court upon the issue made.

On the trial in the Superior Court, Picket proved by Ridgell,
that he purchased the cotton subsequent to the service of the
summons of garnishment.

Counsel for Smith proposed to prove by Ridgell, that it was
the uniform custom of the warehouse-men in the City of Colum-
bus to give negotiable receipts, and treat them as entitling the
holder to demand and receive the cotton; but the counsel, admit-
ting that Hardwick was the holder of the receipt at the time of
the service of garnishment, the Court ruled out the testimony;
and this decision is alleged to be erroneous.

W. DOUGHERTY, for plaintiff in error.

JAS. JOHNSON, for defendant.

Woodson *vs.* Law.

*By the Court.*—LUMPKIN, J. delivering the opinion.

[1.] We think the Court was right in holding Smith liable upon the garnishment. This was a contract of bailment merely, evidenced by the receipt; and the bailor having been garnisheed before the cotton was sold by the bailee, he became responsible to the creditor of Hardwick upon the summons, and delivered over the property in his own wrong.

Let the judgment be affirmed.